ALEXANDER P. KEMP AND LEWIS B. KEMP ET AL., RESPONDENTS, v. HELEN BRIGHT AND LOUIS DAVIS, APPELLANTS.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant Bright, *Edward A. Markley.*

For the appellant Davis, *John A. Matthews.*

For the respondents, *Charles Jones.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in this case, two young boys, while on the sidewalk at the corner of Pompton and Bloomfield avenues, in Verona, in the afternoon of September 14th, 1926, were accidentally knocked down and injured by an automobile of the defendant Davis. The accident was the result of a collision between Davis' automobile, traveling west, and that of the other defendant, Miss Bright, traveling north, which caused Davis to lose control of his machine, by reason whereof it ran up on the sidewalk and struck down the two boys. The claim of the plaintiffs was that their injuries were the result of the joint negligence of the drivers of these two cars, Davis and Bright. The trial resulted in a verdict in favor of the plaintiffs and against both of the defendants, and each of the latter has appealed.

Taking up first the appeal of Helen Bright: The first ground relied upon for reversal is that the trial court, after reading to the jury the provision of the amendment of 1926 to the Motor Vehicle law (*Pamph. L., p.* 458), which, after declaring that reckless driving is prohibited, defines that term as follows: "The driving of a motor vehicle or motorcycle in any manner which unnecessarily interferes with the free and proper use of any highway, street, road, turnpike, park or parkway or driveway, or in any manner which endan-

gers the life or limb or the property of any person," erroneously instructed them that "any speed which interferes with the free use of the road by other persons, or in any manner endangers the life or limb or the property of any person, is reckless." The pith of the argument of counsel, as we understand it, in support of his contention that there was error in this instruction, is that it permitted the jury to impose liability upon this appellant if they should find that she was guilty of reckless driving as defined by the statute, even if there was no proof that such recklessness was the proximate cause of the accident. We see nothing in the language used which justifies such an inference. Moreover, the court, after making this statement, instructed the jury that the mere violation of the statutory rule might not be negligence, and that it was for the jury to say whether or not either the one or the other of the defendants was guilty of negligence in the operation of his or her car, and, if so, whether that negligence was the cause of the injuries to the boys. Taken as a whole, the instruction was justified by the decision of this court in *Healy* v. *Braested*, 98 *N. J. L.* 520, where it was held that, although the violation by the defendant of the provision of the Traffic act, which required him to yield the right of way to the plaintiff at a street crossing, would not alone form the basis of a right of recovery, nevertheless such violation might be considered, along with other testimony, on the question of defendant's negligence.

The only other ground for reversal urged on behalf of this appellant is that the court further erred in its charge to the jury by stating to them that, "if the automobile going west and that going north would reach the point of crossing at about the same time, or if, at the speed both were going, it should appear to the driver of the automobile going north that they would reach the point of crossing at about the same time, then it was the duty of the person going north to yield the right of way to the person going west, which would be on the right side." This instruction is in effect a recital of the provision of section 4 of the act regulating the use of our public roads by drivers of vehicles and by pedestrians (*Pamph. L.* 1915, *p.* 289), which is as follows: "Every driver of a

vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." Manifestly, therefore, it was not erroneous. If counsel had desired the instruction to be enlarged or the effect of the statute as applicable to the subject-matter of the litigation to be explained to the jury, he should have submitted to the court a request for the same. This, however, he did not see fit to do.

Finding no legal merit in the grounds of appeal relied upon by the appellant Bright, the judgment against her will be affirmed.

Taking up now the appeal of Davis: The first contention is that the court erred in refusing to instruct the jury that Miss Bright was bound under the law, in crossing the intersecting point, to pass to the right of a beacon light which had been there erected. When this request was submitted the trial court asked counsel whether he meant that there was a statute requiring such action on her part, to which counsel replied, "That is the traffic rule." The court then stated, "I do not know whether parties traveling on the road going north are required to pass this beacon light on the left or right-hand side thereof. I will say, however, that the statute requires drivers of vehicles to keep on the right side of the road. That is the most I can say with reference to that request." In our opinion, the action of the court in thus dealing with the request was proper. The mere fact that there was a beacon light erected in the street, *without any proof of the existence of a traffic rule* which provided for its presence there, and without proof of any obligation imposed upon travelers upon the highway with relation thereto, did not justify the request submitted, and, consequently, the court was right in resting the obligation of a traveler upon the highway at this point solely upon the statute referred to in the instruction which was actually delivered.

The only other contention on behalf of the appellant Davis is that the trial court erred in refusing to charge the following request: "When examining the testimony taken in the police recorder's court, you are to disregard any decision or disposition of the case as made by the recorder, and determine

the liability in this case at bar solely upon the evidence presented by the various witnesses who have testified in this court." It appeared at the trial of the cause that there had previously been a hearing in the recorder's court upon the question of the responsibility of the one or the other of the defendants for the happening of the accident which is the foundation of the present suit. The testimony taken at that hearing was received at the trial of this case as competent and material evidence by the consent of counsel of each of the defendants. In this situation the trial court was entirely justified in refusing to charge the latter part of the request, namely, that the jury should determine the liability of the respective defendants solely upon the evidence presented by the various witnesses who had testified at the trial. Moreover, in refusing the request as a whole, the court stated that the jury might consider the evidence taken before the recorder's court so far as it was contradictory of testimony of witnesses given at the trial, thus inferentially limiting its consideration by the jury to the purpose stated. But even without the indicated limitation, the failure of the court to charge the request as submitted would not justify a reversal of the judgment against Davis, even if we assume that the first part of the request contains a correct and applicable statement of the law.

Where any one of several propositions contained in a single request is legally unsound, the trial court may properly refuse to comply with the request, for it is entirely settled that, where an instruction asked for is partly good and partly bad, it is not error to refuse it altogether. *Max* v. *Kahn*, 91 *N. J. L.* 170, and cases cited.

We conclude that the appeal of the defendant Davis is also without merit, and that the judgment against him should, therefore, be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.